```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Monica L. Shrieve nka Metcalf,   :

      Plaintiff,               :

  v.                               :   Case No. 2:05-cv-0446

DaimlerChrysler Corporation,     :   JUDGE MARBLEY
et al.,
                                          :

      Defendants.

<u>ORDER</u>

    This is a personal injury case in which the plaintiff alleges injury due to the late deployment of an air bag and failure of the passive restraint system in her DaimlerChrysler manufactured vehicle after she lost control of her car and struck a utility pole.  The liability issues in the case hinge on whether there was some defect in the manufacture or design of the restraint systems at issue.

    At the preliminary pretrial conference which was conducted on August 9, 2005, the Court established various deadlines for activities in this case, including an expert witness disclosure date of February 16, 2006.  Plaintiff identified, by name, an expert witness prior to that date, but has never served the expert witness disclosures required by Fed. R. Civ. P. 26(a)(2).  Defendant, arguing that expert testimony is necessary in order to prove liability in this case, has moved for summary judgment on grounds that plaintiff has no expert witness.  That motion, filed on April 10, 2006, has not yet been opposed.

    On April 18, 2006, plaintiff filed a motion for an extension of time to identify an expert witness.  She notes that she will probably not be able to use the witness originally identified and that she needs additional time to locate a new expert and to have

the expert examine the vehicle in question and provide the report and other disclosures which are required. The defendant has opposed that motion. For the following reasons, the motion for an extension will be denied.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, <u>inter alia</u>, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," <u>Rouse v. Farmers State Bank</u>, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." <u>Id</u>. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." <u>Deghand v. Wal-Mart Stores</u>, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. <u>Tschantz v. McCann</u>, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." <u>Dilmer Oil Co. v. Federated Mut. Ins. Co.</u>, 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. <u>Inge v.

Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). It is with these standards in mind that the instant motion will be decided.

Here, although there is still time left in the discovery period for expert witness discovery, and it does not appear that the defendant or the Court's schedule would be substantially prejudiced were the expert witness disclosure deadline to be modified, the Court simply cannot grant the motion on the basis of the explanation proffered by plaintiff for her failure to meet the original deadline. Although plaintiff argued that it took a substantial period of time for the defendant to obtain the vehicle so that it could be inspected, defendant has represented, without contradiction, that it notified plaintiff on November 21, 2005 that the car was in its possession and could be inspected. Plaintiff appears to have made no effort to conduct that inspection or to produce an expert report in the several months which elapsed between that date and February 16, 2006. Further, she has provided no explanation for the delay. Although there may have been a good reason why plaintiff could not use her original expert and why she needs additional time to find another one and could not do so before the February 16, 2006 date passed, she has not provided that explanation to the Court. Thus, the current record does not demonstrate *any* diligence on the part of the plaintiff in inspecting the vehicle and meeting the deadline. Without evidence of some diligence on plaintiff's part, the mere absence of prejudice to the opposing party is not sufficient to permit the Court to grant the motion. Otherwise, scheduling orders would have no impact in cases where delays were not prejudicial, and parties would have no incentive to act diligently to meet court-ordered deadlines so long as their delays could be accommodated.

It seems likely that without an expert witness, plaintiff will be unable successfully to oppose the pending summary

3

judgment motion.  That may explain the lack of a response, although plaintiff has not formally moved for an extension of time to respond to the motion.  In light of this order, plaintiff will be given an additional three weeks to file a response to the summary judgment motion.

Based upon the foregoing, plaintiff's motion to extend discovery dates (#20) is DENIED.  Plaintiff shall respond to the pending summary judgment motion within 21 days of the date of this order.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge